UNITED STATES of America, Appellee

v.

Barry MARROW, Appellant.

No. 14–3061.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 19, 2016.

Elizabeth Trosman, Esquire, Candice Chiu Wong, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

A. J. Kramer, Office of the Federal Public Defender (FPD), Deborah A. Persico, Deborah A. Persico, PLLC, Washington, DC, for Appellant.

Before: GARLAND, Chief Judge, TATEL, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED and ADJUDGED** that the order of the District Court dated May 28, 2014 be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.

## MEMORANDUM

Appellant was initially charged with the unlawful possession of a firearm in early June, 2013. After months of negotiation over a plea deal, on November 21, Judge Hogan conducted a full and detailed Rule 11 plea colloquy, under oath and in open court. At no point did appellant express his discomfort with the plea or displeasure with the service of his appointed counsel. Almost four weeks later, the appellant filed, *pro se*, a motion to withdraw the plea. In it, he alleged that he had been unduly pressured into taking a plea by counsel, who had supposedly failed to conduct adequate discovery and investigation. New counsel filed a supplemental motion as well. The matter came before Judge Hogan on May 28, 2014, where the motion was denied. Appeal was later taken.

To withdraw a guilty plea, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R.Crim.P. 11(d)(2)(B). This court has developed three primary factors by which to measure such a Rule 11(d)(2)(B) motion: first, "whether the defendant has asserted a viable claim of innocence;" second, "whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case;" and third, "whether the guilty plea was somehow tainted." *United States v. Cray,* 47 F.3d 1203, 1206 (D.C.Cir.1995).

We review the District Court's denial of the motion for abuse of discretion, and cannot find such abuse here. After

months of deliberation, an extensive colloquy, and consistent affirmation by appellant that he knowingly and voluntarily entered the plea, he now seeks withdrawal. And yet he has alleged no actual defect in his Rule 11 colloquy. Where that is the case, we have been "extremely reluctant to reverse the district court." *Cray,* 47 F.3d at 1207. Further, he has made no assertion of innocence; his *post hoc* attempts to construe other statements into an implied assertion of innocence are unavailing, and his general suggestions that upon more investigation he may assert innocence are unacceptably vague.

That leaves appellant with only the argument that his plea counsel was unconstitutionally ineffective. To make that case, he asks the court to overlook the months of plea negotiation and extensive colloquy in which no mention of counsel's insufficiencies was made. But more to the point, appellant offers now only bald and conclusory allegations—about being bullied into accepting the plea, about failures to investigate—that are utterly unsupported by sworn testimony, by sworn affidavits, or indeed by any specifics at all, and most of which could have had no influence on his decision to enter a plea in the first place. Perhaps unsurprisingly, appellant also sought an evidentiary hearing on his claims. But we are aware of no precedent that requires such a hearing upon such vague and unsubstantiated allegations. Appellant offered none of the "substantial evidence that impugns that validity of a plea," *United States v. West,* 392 F.3d 450, 457 (D.C.Cir.2004), which would support additional forays into discovery.